## ALLER ET AL. v. SHURTS.

On *Certiorari* in matter of Insolvency.

Costs allowed to defendant in *Certiorari*, an insolvent debtor, on affirmance of his discharge by the court of Common Pleas.

*W. Halsted* for plaintiff.
*Hamilton* for defendant.

In the term of September last, after argument, the court affirmed the discharge granted to the insolvent, in this case, with costs.

*W. Halsted* for the plaintiffs in *Certiorari*, now moves, on notice given to the defendant's attorney, that so much of the judgment of the court as gives costs to the defendant, be set aside, on the ground that no costs are recoverable by either party in a case like this. (See *Allen et al.* v. *Shurts*, 1 *Harr.* 221.)

*Mr. Hamilton, contra,* cited, *Jewell* v. *Arwine, Coxe's R.* 38 ; *M'Dermott* v. *The State*, 5 *Halst.* 63 ; and *Montgomery* v. *Brewere*, 6 *Halst.* 168.

The opinion of the court was delivered by

HORNBLOWER, C. J. The question of costs, on the affirmance, or dismissal of *Certioraris* prosecuted under the common law jurisdiction of this court, has been so repeatedly raised of late, that it seems to be the duty of the court to settle it definitively, upon precedent or principle. By the common law, costs, *eo nomine,* were never given to either party in any actions whatsoever. If the plaintiff failed, he was amerced *pro falso clamore.* If he succeeded, the defendant was *in misericordia* for his unjust detention of the plaintiff's right; but was not liable to costs of suit, as such. But although costs were not given at the common law, by the name of costs; yet in reality they were always included in the quantum of damages in actions where damages were given; and in such cases, were assessed by the jury—afterwards, and before the statute of Gloucester, Justices *in Eyre* used to assess the plaintiff's costs, where he prevailed, at a reasonable sum, exclusive of the damages which he had recovered. This practice continued until the Justices in Eyre, were su-

perseded by Justices of Assize and Nisi Prius; after which, it was said that the costs should be taxed by the court above, and not by the Judges upon their circuits. But this allowance of costs, was a matter merely *ex gratia,* until the statute of Gloucester, (6 *Edw.* 1, *c.* 1.) was passed.

That statute, it is true, was always considered, as *creating* and giving a right to costs, where no such right existed before, and was limited to cases, where the recovery was, *in damages.* I have given this history of the origin of costs, and which will be found more at large in *Ch.* 1. *Sect.* 1. of *Hallock's Law of Costs,*) for the purpose of showing that even at the common law, the Judges exercised a right of giving the successful party, a reasonable compensation for the expense he had been to, in establishing his claim.

It is observable too, that the courts at Westminster Hall, extended the statute of Gloucester, by a liberal construction, beyond the terms of its enactments. The statute speaks only of the *costs* of the *"writ purchased,"* but it was always held to cover the whole legal costs of the suit. 2d *Inst.* 288. So too, it has been extended to cases, in which the right to recover damages, was given by statute subsequent to the statute of Gloucester. (*Hul. Law of Costs,* 15, and cases there cited.) The same liberality of construction has been exercised in England, in regard to the various statutes giving costs in Error, as may be seen by the cases cited in the same book, under the title *Error, Sect.* II. 278, &c.

I have made these remarks, not to justify us now for the first time, in awarding costs upon a *Certiorari* sued out at the common law, but to sustain the numerous decisions to the same effect, that have been made by this court in times past, and which I think we are not now at liberty to unsettle.

In the case of *Jewell* v. *Arwine, Coxe's Rep.* 38, the court refused costs on reversal of a judgment, on *Certiorari,* but said it would be otherwise on affirmance. This was in 1790. Whether there was at that time any statute in force, regulating costs upon *Certioraris* to Justices of the Peace, I do not recollect. But, by the 46th *Sect.* of the act of 1798, (*Pat. Rev.* 321) costs were expressly given on the affirmance of a judgment, and as expressly denied, if the judgment, was reversed.

And so is the statute now in force on the subject of *Certiorari* to courts for the trial of small causes.

In *Hann* v. *M'Cormick*, 1 *South*. 109, (in which Chief Justice Kirkpatrick disclaimed what he is reported to have said, in *Randolph* v. *Bayles*, 1 *Penn. Rep.* 55.) costs were allowed to a plaintiff in *Certiorari* after a reversal; not it is true on the *Certiorari*, but on an assessment of and writ of restitution for the debt and costs paid on the original judgment, and this has ever since continued to be the practice in this court.

In the case just mentioned, the Chief Justice admitted the proceeding was not within the words of any statute giving costs; but held it to be within the spirit and equity of the act of 1795, giving costs on *scire facias*, and he said, it had always been the practice to tax costs in such cases. Southard, Justice, went still further: he, said, it was a general principle that the prevailing party in suits in all courts of law, was entitled to costs, and that express statutory provision was necessary to prevent his claiming them in any case.

In *M'Dermott*, adsm. *The State*, (5 *Halst.* 63.) costs were allowed to a defendant upon the quashing of an attachment, for not obeying an award: and in *Montgomery* v. *Bruere*, (6 *Halst.* 168) costs were allowed to the defendant, on quashing a *Certiorari*, for want of jurisdiction: and in that case, the court enumerate six instances in which costs had been allowed the defendants in *Certiorari*, upon quashing the writ. Several of them were *Certioraris* sued out under the general common law authority of this court.

These decisions are sufficient to warrant us in giving costs in this case. Courts of common law have long exercised an equitable power in matter of costs. There is no statute giving costs on granting new trials, putting off causes, failing in applications made to the legal and discretionary powers of this court: and yet costs, in such cases, are constantly ordered to be paid. These writs of *Certiorari* are in the nature of writs of error, and costs upon them, as in Error, are clearly within the spirit and equity of the statutes giving costs in Error.

*Motion denied.*

CITED *in Stiers* v. *Stiers' Ex'rs, Spencer* 55; *Eft* v. *Reeve*, 2 *Vr.* 140; *State* v. *Blake*, 7 *Vr.* 444.